UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | ) | CIVIL ACTION NO. |
| v. | ) | JUDGE |
| WENDI L. LABORDE AND<br>CCLCA TRUST<br>Defendants | ) | MAGISTRATE JUDGE |

**COMPLAINT TO AVOID FRAUDULENT TRANSFER**

NOW INTO COURT comes the UNITED STATES OF AMERICA through the United States Attorney for the Western District of Louisiana and the undersigned Assistant United States Attorney, who brings this civil action to set aside the transfer of property pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3301 - 3308 and seeks judgment against the transferee of such property, and for its Complaint respectfully represents as follows:

**THE PARTIES**

1. Plaintiff, the United States of America (the "United States" or "Plaintiff"), is a creditor of Wendi L. LaBorde by reason of a judgment entered in favor of the United States against her on December 29, 2010 in the principal amount of $298,079.15, plus costs and judicial interest.

2. Defendant, Wendi L. LaBorde ("LaBorde"), is a person of the full age of majority and a resident of California, who may be served at 850 Beach Street #315, San Diego, California 92101. LaBorde is indebted to the United States by virtue of the aforementioned judgment.

3. Defendant, CCLCA Trust (the "Trust"), is a Louisiana Trust formed by LaBorde which may be served through its Trustee, Linda Feierlein, at 3524 Eastlake Drive, Shreveport,

Louisiana 71105. In September 2014, LaBorde transferred property to the Trust with intent to hinder, conceal and delay the United Sates in collecting the debt owed by LaBorde.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1345 as the United States is the plaintiff commencing this action under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 et seq.

5. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §3004(b), which authorizes nationwide service of process and enforcement.

6. Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to this action occurred in this district.

**FACTS**

7. On January 5, 2010, the United States brought suit against LaBorde on behalf of the Department of Education to collect on a debt owed by LaBorde arising from a several defaulted student loans.[1]

8. On March 22, 2010, LaBorde responded to the United States' suit. LaBorde only disputed the amount of her debt to the United States; she did not deny that she owed student loan debt.

9. On December 29, 2010, a judgment was entered in favor of the United States and against LaBorde in the principal amount of $298,079.15, plus costs and judicial interest as of December 15, 2010 in the amount of $97,161.17 with judicial interest continuing to accrue and to be compounded annually (the "Judgment").

[1] See the matter styled, "United States of America v. Wendi L. Laborde," Docket No. 10-00008 in the United States District Court, Western District of Louisiana, Shreveport Division.

10. LaBorde appeared for Judgment Debtor Examinations on July 19, 2011 and June 28, 2013. According to the financial statements provided by LaBorde in these examinations, the sum of her debts exceeded the sum of her assets. Therefore, she was insolvent.

11. LaBorde made no payments to satisfy the Judgment in 2011, 2012 and 2013.

**The 2014 Windfall to LaBorde**

12. On August 11, 2014, LaBorde received $37,500.00 as part of a settlement of her late father's estate.

13. On August 14, 2014, LaBorde offered to satisfy the Judgment with a lump sum payment of $35,000.00.

14. In an effort to evaluate LaBorde's offer, on August 19, 2014, the United States requested a current financial statement from LaBorde.

15. LaBorde did not provide the requested financial statement and she did not pay the $35,000.00 to the United States.

16. On September 8, 2014, LaBorde received the proceeds of her late mother's life insurance policy in the form of a check in the amount of $485,902.60. She did not disclose the fact that she received these proceeds to the United States.

17. The foregoing funds that LaBorde received represented a windfall. During the months of July, August and September of 2014, LaBorde's balance in her Chase Savings Account was $50.01. On July 11, 2014, the balance in LaBorde's Chase Checking Account was $830.36 and on September 10, 2014, the balance in this account was $842.94.

**The formation of CCLCA Trust**

18. On September 18, 2014, LaBorde formed the CCLCA Trust.

19. The Trust has only one beneficiary, Connie Christine LaBorde ("Christine").[2] Christine is both the income and principal beneficiary. The Trustee is authorized to make distributions from the Trust only for Christine's benefit.

20. The Trust is irrevocable and, pursuant to terms of the Trust instrument, LaBorde retained no interest in, or right to, the Trust's property.

**The Transfer**

21. On September 18, 2014, LaBorde donated the $485,902.60 she received from her mother's life insurance policy to the Trust.

22. LaBorde did not receive any value for this transfer, was otherwise insolvent at the time of the transfer, and did become fully insolvent as a result of the transfer.

23. LaBorde did not disclose to the United States her receipt of the insurance proceeds or the transfer of the proceeds to the Trust.

24. The transfer was made to hinder, delay, and defraud the United States.

**Property acquired by the Trust**

25. On September 30, 2014, the Trust, with the funds donated by LaBorde, purchased a 2008 Toyota FJ Cruiser VIN #JTEBU11F18K032733 (the "Toyota"). The purchase price of the Toyota was $28,606.50 and the Trust paid this amount by Cashier's Check.

26. The title to the Toyota is held by the Trust.

27. On October 22, 2014, the Trust purchased a Condominium in San Diego, California, municipally known as 850 Beech Street #315, San Diego, California 92101 (the "Condo"). The purchase price of the Condo was approximately $430,000.00, which was paid in full by the Trust, again using the funds donated by LaBorde.

[2] Christine LaBorde is Wendi L. LaBorde's daughter.

28. The Trust is the record owner of the Condo.

29. The Trust made other distributions between September 2014 and April 2015 for various purposes including Homeowner Association Dues and property taxes for the Condo, LaBorde's attorneys' fees and miscellaneous checks to LaBorde.

30. According to the terms of the Trust, distributions were only to be made for the benefit of its principal and income beneficiary, Christine LaBorde. However, the purchase of the Toyota and the Condo were not for this purpose, nor were the other various distributions made by the Trust.

31. LaBorde surreptitiously moved to San Diego, California, shortly after the foregoing transfer was made and the transferee acquired the above described property.

**The Toyota**

32. The Toyota is currently in LaBorde's possession and has been exclusively in her possession in San Diego, California since January 2015.

33. LaBorde pays all insurance, gas and maintenance costs for the Toyota.

34. Christine LaBorde lives in Fayetteville, Arkansas, where she drives a Lexus ES350.

**The Condo**

35. Christine has never lived in the Condo.

36. LaBorde is the only person who has lived in the Condo after it was purchased by the Trust.

37. The Trust paid the Condo's Homeowner Association Dues until the Trust no longer had enough money to continue the payments.

38. LaBorde currently pays the Homeowner Association Dues, property taxes, insurance, maintenance costs and utilities for the Condo.

**The current status of the Trust**

39. The original Trustee of the Trust was Robert Rowell. He was removed as Trustee and replaced with Linda Feierlein ("Feierlein") on November 3, 2014. Feierlein has been the Trustee since that time.

40. Upon information and belief, LaBorde has not communicated with Feierlein in several years.

41. Upon information and belief, the Trust property currently consists of less than $100.00.

42. The Trust has never asked LaBorde to pay rent while she resides in the Condo and LaBorde does not pay rent to the Trust for its use.

43. The Trust has never asked LaBorde to lease the Toyota and LaBorde does not make any payments to the Trust for its use.

**The current status of LaBorde's Debt to the United States**

44. LaBorde did not make any payments on the Judgment in 2011, 2012, 2013, 2014, 2015 and 2016.

45. On February 3, 2017, the United States sent a demand letter to LaBorde. In response to this demand letter, LaBorde began making payments in the amount of $200.00 per month.

46. The current balance of the debt owed by LaBorde is $440,482.11, which includes $407,017.55 in principal, surcharges in the amount of $33,084.21, and $380.35 in pre-COVID interest.[3]

47. This Complaint seeks to avoid LaBorde's transfer of $485,902.60 to the Trust, a judgment against the Trust as transferee and a judgment lien against the Trust's property to secure

---

[3] Judicial interest is not accruing at this time due to the Department of Justice's temporary suspension of civil debt collection in response to the COVID-19 pandemic, which is in place until September 30, 2020. However, judicial interest will begin to accrue again when this suspension is lifted.

the United States' interest in the property for the satisfaction of LaBorde's debt to the United States.

**COUNT ONE**
**FRAUDULENT TRANSFER, 28 U.S.C. § 3304(a)(1)**

45. Plaintiff incorporates paragraphs 1 – 47 as if fully set forth herein.

46. Pursuant to 28 U.S.C. § 3304(a)(1), a transfer made by a debtor is fraudulent as to a debt owed to the United States which arose before the transfer, if the debtor makes the transfer without receiving a reasonably equivalent value in the exchange and the debtor is insolvent at the time of the transfer or the debtor becomes insolvent as a result of the transfer.

47. A debtor is presumed to be insolvent when the debtor is generally not paying her debts as they become due. 28 U.S.C. § 3302.

48. The transfer described in paragraph 20 made by LaBorde is fraudulent pursuant to 28 U.S.C. § 3304(a)(1) because LaBorde's debt to the United States arose before the transfer, she did not receive reasonably equivalent value in the exchange and she was insolvent at the time of the transfer and remained insolvent after the transfer.

**COUNT TWO**
**FRAUDULENT TRANSFER, 28 U.S.C. § 3304(a)(2)**

45. Plaintiff incorporates paragraphs 1 – 47 as if fully set forth herein.

46. Pursuant to 28 U.S.C. § 3304(a)(2), a transfer made by a debtor is fraudulent as to a debt owed to the United States which arose before the transfer, if the debtor makes the transfer to an insider, the debtor was insolvent at the time, and the insider had reasonable cause to believe the debtor was insolvent.

47. A debtor is presumed to be insolvent when the debtor is generally not paying her debts as they become due. 28 U.S.C. § 3302.

48. The transfer described in paragraph 20 made by LaBorde is fraudulent pursuant to 28 U.S.C. § 3304(a)(1) because LaBorde's debt to the United States arose before the transfer, she made the transfer to an insider, a Trust that she created, and therefore knew that she was insolvent at the time of the transfer.

**COUNT THREE**
**FRAUDULENT TRANSFER, 28 U.S.C. § 3304(b)(1)(A)**

49. Plaintiff incorporates paragraphs 1 – 47 as if fully set forth herein.

50. Pursuant to 28 U.S.C. § 3304(b)(1)(A), a transfer made by a debtor is fraudulent as to a debt owed to the United States if the debtor makes the transfer with actual intent to hinder, delay or defraud a creditor.

51. In determining "actual intent" the Court may consider the following nonexclusive factors:

a) the debtor retained possession or control of the property transferred after the transfer;

b) the transfer was concealed from the creditor;

c) the debtor had been sued before the transfer was made;

d) the transfer was of substantially all the debtor's assets;

e) the debtor absconded;

f) the debtor concealed the assets; and

g) the debtor was insolvent or became insolvent shortly after the transfer was made.

28 U.S.C. § 3304(b)(2).

52. The transfer described in paragraph 20 made by LaBorde is fraudulent pursuant to 28 U.S.C. § 3304(b)(1)(A), as evidenced by the following facts which establish that LaBorde had actual intent to hinder, delay and defraud the United States:

a) LaBorde retained possession of the Toyota and the Condo after she transferred the insurance proceeds to the Trust and the Trust purchased the property.

b) LaBorde concealed the insurance proceeds from the United States.

c) LaBorde knew that the United States was attempting to collect on its Judgment against her because she participated in two (2) Judgment Debtor Examinations and had offered to settle her debt to the United States for $35,000, the month before she acquired the insurance proceeds.

d) The transfer of the insurance proceeds was substantially all of LaBorde's assets as demonstrated by the balance in LaBorde's personal accounts.

e) LaBorde absconded to California to live in the newly purchased Condo with the newly purchased Toyota.

f) LaBorde concealed the Trust and its assets from the United States.

g) Based on the information provided by LaBorde in her Judgment Debtor Examinations in 2011 and 2013 and her 2014 bank account information, LaBorde was insolvent at the time of the transfer and remained insolvent after the transfer.

**COUNT FOUR**
**DECLARATORY JUDGMENT, 28 U.S.C. §2001 *et seq.***

53. Plaintiff incorporates paragraphs 1 – 46 as if fully set forth herein.

54. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, states that "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

55. Plaintiff alleges that the Trust is merely a nominee or "straw purchaser" of the Vehicle and the Condo purchased solely with funds transferred by LaBorde for the purpose of

evading enforcement of a judgment against LaBorde, and that LaBorde is the true owner of the Vehicle and Condo.

56. The Vehicle and Condo are both currently titled in the name of the Trust, and LaBorde has denied ownership of both the Vehicle and the Condo. Therefore, a real and substantial controversy exists between the parties as to the true ownership of the Vehicle and the Condo.

**REQUESTED RELIEF**

56. 28 U.S.C. § 3306 provides several remedies where, as here, a debtor has fraudulently transferred assets to avoid payment of a debt owed to the United States. The Court may avoid the transfer to the extent necessary to satisfy a debt to the United States. The Court may also provide a remedy under the Federal Debt Collection Procedures Act against the asset transferred or against the other property of the transferee. The Court may provide any other relief as the circumstances may require. Judgment may also be entered against the transferee of the asset transferred. 28 U.S.C. § 3307.

57. As to Count One, the transfer described in paragraph 20 should be adjudged a fraudulent transfer pursuant to 28 U.S.C. § 3304(a)(1) and the transfer to the Trust should be avoided and set aside.

58. As to Count Two, the transfer described in paragraph 20 should be adjudged a fraudulent transfer pursuant to 28 U.S.C. § 3304(a)(2) and the transfer to the Trust should be avoided and set aside.

59. As to Count Three, the transfer described in paragraph 20 should be adjudged a fraudulent transfer pursuant to 28 U.S.C. § 3304(b)(1)(A) and the transfer to the Trust should be avoided and set aside.

60. Judgment should be entered against the transferee, CCLCA Trust, for the value of the transfer, but not exceeding the amount of the debt to the United States, pursuant to 28 U.S.C. § 3307(b).

61. As to Count Four, judgment should be entered pursuant to 28 U.S.C. 2001 *et. seq*. declaring the rights and other legal relations of the parties to this suit and that LaBorde, not the Trust, is the true owner of both the Vehicle and the Condo

WHEREFORE THE UNITED STATES OF AMERICA PRAYS for the following relief:

A. That this Court adjudge and decree that the transfer of $485,902.60 from Wendi L. LaBorde to the CCLCA Trust is a fraudulent transfer, is hereby avoided and set aside;

B. That this Court enter judgment against CCLCA Trust, for the value of the transfer, but not exceeding the amount of the debt to the United States;

C. That this Court enter judgment declaring that the property currently titled in the name of CCLCA Trust: the 2008 Toyota FJ Cruiser VIN #JTEBU11F18K032733 and the condominium municipally known as 850 Beech Street #315, San Diego, California 92101, is owned by Wendi L. LaBorde and shall be titled in her name and, thus, subject to the judgment lien in favor of the United States of America to the extent necessary to satisfy the Judgment rendered against Wendi L. LaBorde;

D. That the United States have its costs in this action and all other relief as is equitable and appropriate under the circumstances; and

E. For all other relief as the Court deems just and proper.

Respectfully submitted,

ALEXANDER C. VAN HOOK
Acting United States Attorney

*s/ Shannon T. Brown*
Shannon T. Brown (LA #32366)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101-3068
(318) 676-3613// Fax: (318) 676-3642
Email: Shannon.Brown@usdoj.gov

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff ______
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shannon T. Brown, Assistant United States Attorney
U.S. Department of Justice, U.S. Attorney's Office
300 Fannin Street, Suite 3201, Shreveport, LA 71101

## DEFENDANTS

Wendi L. LaBorde and CCLCA Trust

County of Residence of First Listed Defendant San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 3001, et seq

Brief description of cause:
Fraudulent Transfer under FDCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE
08/20/2020

SIGNATURE OF ATTORNEY OF RECORD
s/Shannon T. Brown

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______