UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 20-1087 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WENDI L. LABORDE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss filed by Defendant Wendi L. LaBorde ("LaBorde"). See Record Document 6. Plaintiff, the United States of America ("the Government"), opposes the Motion. See Record Document 8. LaBorde has filed two replies to this opposition. See Record Documents 9 & 13. For the following reasons, LaBorde's Motion to Dismiss is **DENIED**.

**FACTUAL BACKGROUND**

In this lawsuit, the Government seeks to set aside an alleged fraudulent transfer.[1] In 2010, the Government won a judgment against LaBorde in this Court to collect debts owed from several defaulted student loans. See Record Document 1 at ¶9. The judgment held that LaBorde owed the Government nearly $300,000 in principal and nearly $100,000 in interest continuing to accrue and to be compounded annually. See id. LaBorde did not make any payments on this judgment from 2011 through 2016 but began making $200 monthly payments in 2017 after a demand letter from the Government. See

---

[1] LaBorde disputes many of the factual allegations made in the Government's complaint, accusing the Assistant United States Attorney of fabrication and ulterior motives. See Record Document 6. For purposes of the instant motion, the Court must accept the non-movant's factual allegations as true. Accordingly, the Government's complaint serves as the primary basis for this Factual Background section.

id. at ¶¶44-45. At the time of filing, the balance of the debt owed—including surcharges, principal, and pre-CARES Act interest—was $440,482.11, See id. at ¶46.

In 2014, LaBorde received $37,500.00 from the settlement of her father's estate. See id. at ¶12. Less than one month later, LaBorde received the proceeds of her mother's life insurance policy in the amount of $485,902.60. See id. at ¶16. While LaBorde unsuccessfully offered to satisfy her debt with a $35,000 lump sum payment shortly after receiving her father's estate settlement, she did not disclose her receipt of life insurance proceeds to the Government. See id. at ¶¶13-16. Days after coming into these funds, LaBorde formed the CCLCA Trust ("the Trust") on September 18, 2014, with LaBorde's daughter as the sole beneficiary. See id. at ¶¶18-19. LaBorde donated the entirety of her mother's life insurance policy to the Trust the day it was formed. See id. at ¶21. On September 30, 2014, the Trust purchased a new Toyota. See id. at ¶25. On October 22, 2014, the Trust purchased a condominium in San Diego, California. See id. at ¶27. The Government contends that LaBorde herself drove this car and lived in this condominium; her daughter was never the beneficiary of these purchases. See id. at ¶¶32-36.

The Government requests the $485,902.60 donation from LaBorde to the Trust be declared a fraudulent transfer pursuant to 28 U.S.C. § 3304 et seq., and the property at issue be declared owned by LaBorde and subject to the judgment lien. See id. at ¶61.

## LAW AND ANALYSIS

Although LaBorde is actively seeking to hire counsel, she is currently proceeding pro se. See Record Document 6. While her Motion to Dismiss does not cite specific Federal Rules of Civil Procedure as the bases for dismissal, the Government has discerned that LaBorde is challenging (1) service of process upon her, (2) venue in this

Court, and (3) the timeliness of the Government's action. See Record Document 8. The Court will address these arguments in turn, before discussing LaBorde's CARES Act concerns and alternative request to enroll in a repayment plan.

I.     **Insufficient Service of Process**

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a complaint for insufficient service of process. See Lewis v. Southern Oaks Nursing, L.L.C., 2019 WL 2526317 at *2 (W.D. La. June 19, 2019). Requiring proper service stems from the Due Process Clause of the Fifth Amendment and demands that defendants receive adequate notice of the proceedings against them. See Dusenbery v. United States, 534 U.S. 161, 167 (2002). The party effectuating service has the burden of demonstrating its validity. See Quinn v. Miller, 470 F. App'x 321, 323 (5th Cir. 2012).

Federal Rule of Civil Procedure 4(m) permits a district court to extend time for service when a defendant has not been served within ninety days of the complaint's filing. See Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). The court must first determine whether good cause exists for the failure to timely serve a defendant. See id. If good cause exists, the court *must* extend time for service; however, if good cause does not exist, the court *may* extend time or dismiss the action without prejudice. See id. (emphasis in original).

To date, the Government has been unable to serve LaBorde in the traditional sense, but this has not been for lack of trying. The Assistant United States Attorney overseeing this action has detailed, under penalty of perjury, the various steps taken in attempting to serve LaBorde. See Record Document 8-1. These include numerous mailings to both the condominium's address and the reported new address of LaBorde,

as well as attempts by the U.S. Marshals to personally serve LaBorde in California at her supposed home and place of business.[2] See id. These outlined steps certainly constitute good cause under Rule 4(m), and an extension beyond the ninety days permitted would be mandatory.

Between the ninety-day deadline and the filing of the instant Motion to Dismiss, however, LaBorde was properly served pursuant to Rule 4(e)(1). This Rule provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Fed. R. Civ. P. 4(e)(1). Under the Louisiana long arm statute for service of process, "all that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail." Dupree v. Torin Jacks, Inc., 2009 WL 366332 at *2 (W.D. La. Feb. 12, 2009) (citing HTS, Inc. v. Seahawk Oil & Gas, Inc., 889 So.2d 442, 444 (La. App. 3d Cir. 2004)); see also La. R.S. § 13:3204. Further, "[t]here is no requirement under § 3204 for a signed return receipt." Seahawk Oil & Gas, 889 So.2d at 444-45.

On January 21, 2021, the Government sent a certified mailing of the summons and complaint to what it believes to be LaBorde's new home address with return receipt requested. See Record Document 8-1 at ¶14. This satisfies Louisiana law for sufficient service of process, and consequently, Rule 4(e)(1). In sum, the Government was entitled to an extension beyond the ninety-days for proper service because of its valiant efforts to

---

[2] Although the U.S. Marshal was unable to make contact with LaBorde at her home address, he did observe packages on the doorstep with her name on them. See id.

effectuate process, and service of process did in fact take place upon the Government's certified mailing. As such, the Motion to Dismiss must be **DENIED** on this basis.

## II. Improper Venue

Federal Rule of Civil Procedure 12(b)(3) permits a court to dismiss a complaint for improper venue. See Louisiana Ice Cream Distributors, Inc. v. Carvel Corp., 821 F.2d 1031, 1032 (5th Cir. 1987). If a defendant objects to venue, the burden is on the plaintiff to establish venue is proper in the judicial district where the case has been brought. See Strange v. Carnival Corp., 2019 WL 1281251 at *4 (W.D. La. Mar. 20, 2019). In analyzing a Rule 12(b)(3) motion to dismiss, the court must accept all allegations in the complaint as true and resolve all conflicts in favor of the plaintiff. See Braspetro Oil Servs. Co. v. Modec (USA), Inc., 240 F. App'x 612, 615 (5th Cir. 2007).

Although venue is generally governed by 28 U.S.C. § 1391, federal debt collection actions such as the instant matter address venue and proper filing procedures within its statutory scheme. See 28 U.S.C. § 3004. This provision calls for nationwide enforcement of such actions and explicitly permits nationwide service of process. See 28 U.S.C. § 3004(b)(1)(A). Courts have held this nationwide service of process provision and § 3004(b)(1)(B)'s grant of authority to enforce it implicitly allow for venue to be proper in any federal court. See United States v. Preston, 961 F. Supp.2d 133, 136 (D.D.C. Aug. 16, 2013); SEC v. Brightpoint, Inc., 2011 WL 6778493 at *1 (S.D.N.Y. Dec. 21, 2011). While § 3004(b)(2) does contemplate transferring venue at the debtor's request, this provision applies only to Subchapters B (pre-judgment remedies) and C (post-judgment remedies), not to fraudulent transfer actions. See 28 U.S.C. § 3004(b)(2).

LaBorde states she is unable to fly back and forth to Louisiana for a trial due to her financial constraints. See Record Document 6. In her reply, she also requests this litigation be moved to her home state of California. See Record Document 13. While it may not be the most convenient forum for LaBorde, the Government's choice of the Western District of Louisiana as the venue for this suit appears well-reasoned and proper. The six-figure judgment against LaBorde was won in this Court. See Record Document 1. The Trust was formed in this district and its trustee continues to reside within its borders. See id. The federal statutes governing debt collection actions allows this matter to be brought here. Venue is proper. The Motion to Dismiss for improper venue must be **DENIED**.

### III.   Prescription of Action

LaBorde argues that in her free consultations with prospective attorneys, she has been told the "statute of limitations to challenge the building of the Trust has already expired." Record Document 6. While the validity of the Trust is not at issue in this litigation, LaBorde may have intended to argue prescription of the fraudulent transfer action at the center of this lawsuit. For those actions under which the Government seeks relief, 28 U.S.C. § 3306(b) mandates a claim be brought within six years after the transfer was made or the obligation was incurred. See §§ 3306(b)(1)-(2).[3]

The transfer at issue in this matter took place on September 18, 2014. See Record Document 1 at ¶21. This lawsuit was filed on August 20, 2020. See Record Document 1. Although close, the Government's filing was timely by about four weeks. Accordingly, LaBorde's argument for prescription of this action is **DENIED**.

---

[3] Section 3306(b) also allows this deadline to extend beyond six years if the transfer was not or could not be reasonably discovered. However, the Government does not argue such a discovery rule issue.

### IV. CARES Act

Although the Government does not address the CARES Act portion of LaBorde's Motion to Dismiss, the Court believes a brief discussion can provide important clarity to LaBorde. LaBorde argues the Government is violating the CARES Act in proceeding with this action against her. See Record Document 6. She states, "[t]he DOJ has no legal right to contact me right now about the student loan debt." Id.

While the CARES Act has temporarily suspended required payments towards and interest on student loans, it is important to note the instant action is not an attempt to collect on LaBorde's student loans. Rather, this action seeks to declare the transfer of funds from LaBorde to the Trust as fraudulent. The Government is not seeking to collect its debt through this action. Although the success of this suit may prove critical to the Government's overarching attempts to secure its judgment, no illegal action is presently being undertaken.

### V. Repayment Plan Request

Finally, LaBorde's second reply asks the Court to contact the DOJ and the Assistant United States Attorney about giving LaBorde a "real opportunity to enroll in an Income Drive Repayment plan." Record Document 13. It is not the Court's place to insert itself into such compromise negotiations for this action or any others that may arise between the parties. As such, this request is also **DENIED**.

### CONCLUSION

For the reasons stated, LaBorde's Motion to Dismiss (Record Document 6) is hereby **DENIED**. An order memorializing this ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 25th day of March, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT