UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 20-1087 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WENDI L. LABORDE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by Plaintiff the United States of America ("the Government"). See Record Document 26. Defendant, Wendi L. LaBorde ("LaBorde") opposes the Motion. See Record Document 28. For the following reasons, the Motion for Summary Judgment (Record Document 26) is **GRANTED**.

**FACTUAL BACKGROUND[1]**

In January 2010, the Government filed suit against LaBorde on behalf of the Department of Education to collect on a debt arising from her outstanding student loan payments. See Record Document 21 at ¶7. Judgment was entered in favor of the Government against LaBorde in December 2010 in the principal amount of $298,079.15, plus costs and judicial interests as of December 15, 2010, in the amount of $97,161.17, with judicial interest continuing to accrue and be compounded annually (hereinafter referred to as "the Judgment"). See U.S. v. LaBorde, No. 10-0008, 2010 WL 5125540, at *1 (W.D.La. 12/29/10); see also Record Document 21 ¶9. In July 2011, Laborde appeared for judgment debtor examinations which revealed through financial statements that she was insolvent. See id. at ¶10.

---

[1] The facts discussed in the proceeding section are not contested by LaBorde in her Opposition to the instant Motion. Furthermore, they are admitted to by the CCLCA Trust through its trustee, Linda Feierlein. See Record Document 26-5.

1

On August 11, 2014, LaBorde received $37,500.00 from the settlement of her father's estate. See id. at ¶12. While Laborde, through an attorney, offered to satisfy the Judgment with a $35,000 lump sum payment, she never provided the requested financial statement to the Government. Meanwhile, LaBorde also received the proceeds from her late mother's life insurance policy in the amount of $485,902.60. See id. at ¶16. Though she acquired sufficient funds to repay her debt, LaBorde did not make any payments on the Judgment from 2011 through 2016. She began making payments of $200 a month in 2017 only after receiving a demand letter from the Government. See Record Document 1 at ¶¶44-45.

On September 18, 2014, Laborde created the Connie Christine LaBorde California Trust ("the CCLCA Trust") with her daughter as both the income and principal beneficiary and her friend Linda Feierlein ("Feierlein") as the sole trustee. See Record Document 26 at ¶¶18-20. That same day, LaBorde donated the $485,902.60 she received from her mother's life insurance policy to the CCLCA Trust. See id. at ¶23. According to the terms of the CCLCA Trust, any distributions were to be for the benefit of the sole beneficiary, LaBorde's daughter. See id. at ¶32.

The CCLCA Trust then purchased a 2008 Toyota FJ Cruiser on September 30, 2014, by cashier's check, and on October 22, 2014, subsequently purchased a condominium in San Diego, California ("the Beech Street Condo"). The CCLCA Trust was recorded as the owner of both the vehicle and the Beech Street Condo. See id. at ¶¶27-30. Ultimately, the CCLCA Trust was depleted by other distributions made between September 2014 and April 2015 for various purposes such as homeowner association dues.

In April 2020, the CCLCA Trust sold the Beech Street Condo for $500,000. The CCLCA Trust then purchased a property in Riverside County, California ("the Ciego Drive Property") for $403,000. See id. at ¶40-41. The Ciego Drive Property is titled in the CCLCA Trust's name. See id. The remaining proceeds from the Beech Street Condo sale were then disbursed by escrow company with an $8,800 check made to LaBorde, a $2,500 check made to her daughter, and a $31,726 wire transfer to the CCLCA Trust account. See id. at ¶45. Further disbursements have been made from the CCLCA Trust account with at least $13,000 paid to LaBorde. See id. at ¶46.

The Government filed the instant suit against LaBorde in August 2020, claiming that LaBorde's transfer of the $485,902.60 life insurance proceeds to the CCLCA Trust while her debt to the Government remained outstanding was fraudulent. The Government seeks 1) declaration from the Court that the transfer was fraudulent pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3301-3308, ("FDCPA") and should be voided, 2) judgment against the CCLCA Trust for the value of the transfer, but not exceeding the amount of LaBorde's debt owed to the Government,[2] and 3) declaration that LaBorde, not the CCLCA Trust, is the true owner of both the vehicle and the Ciego Drive Property. The Government subsequently moved for summary judgment on its claims. See Record Document 26.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

---

[2] As of the time of the Amended Complaint filing, the balance of the debt owed by LaBorde is $439,082.11, including $407,017.55 in principal, surcharges in the amount of $31,684.21, and $380.35 in pre-COVID interest. See Record Document 21 ¶53.

3

is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if proof of its existence or nonexistence may affect the outcome of the lawsuit. See Batiste v. Quality Construction & Production LLC, 327 F.Supp.3d. 972, 975 (W.D.La. 2018). A genuine dispute of material fact exists if a reasonable jury could find for the nonmoving party. See id.

If the moving party carries its initial burden of informing the court of the basis for its motion, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact when construing all facts in the light most favorable to the nonmoving party. See Norwegian Bulk Trans. A/S v. Int'l. Marine Terminals Part., 520 F.3d 409, 412 (5th Cir. 2008). A nonmovant cannot defeat summary judgment with "conclusory allegations and unsubstantiated assertions." Mac v. City of Palestine, 333 F.3d 621, 624 n. 7 (5th Cir. 2003). If the nonmoving party cannot "adduce affirmative evidence" to support an essential element of its claim, summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); see also Condrey v. SunTrust Bank of Georgia, 431 F.3d. 191, 197 (5th Cir. 2005).

**ANALYSIS**

In its Motion, the Government points to sections 3304(a) and (b) of the FDCPA which dictate that a fraudulent transfer occurs where a) a debtor is aware that her debt to a creditor exists but makes the transfer anyway, or b) the transfer was made with actual intent to hinder a creditor without regard to the date of the debt judgment. See 28 U.S.C. §§ 3304(a), (b). The Government argues that LaBorde's donation of the $485,902.60 to the CCLCA Trust fits the definition of fraudulent under each section because she made

4

the transfer after her debt to the Government arose in an attempt to hinder the Government's collection. The Government supports its arguments by underscoring statements made by LaBorde in her deposition, the information contained in her bank statements, and the admissions by the CCLCA Trust. See Record Documents 26-3, 26-4, & 26-5. The Government further contends that the Ciego Drive Property and the Toyota are actually owned by LaBorde herself and that the CCLCA Trust is a "nominee" or "straw purchaser" of the property. It relies largely on the fact that LaBorde's daughter and sole beneficiary of the CCLCA Trust lives in Fayetteville, Arkansas. LaBorde currently resides in the Ciego Drive Property, and while the CCLCA Trust sold the Toyota, she was and is the only individual benefiting from their use.

Following the presentation of the Government's Motion and the arguments and evidence contained therein, the burden shifts to LaBorde to demonstrate to the Court the existence of a genuine dispute of material fact using specific and articulate facts. Though LaBorde, in opposition, states she contests the Government's "undisputed facts," she fails to present to the Court any evidence[3] or particular facts which fulfill her burden under Rule 56. LaBorde largely uses her opposition to hurl accusations at the Government and paint herself as a victim of its "back-door" efforts to collect her unpaid student loans at the expense of her daughter's trust.[4]

---

[3] It is noted by the Court that the only pieces of "evidence" presented with LaBorde's filing are two billing statements for vehicles she leased for herself and her daughter in 2021. She offers these documents as proof that the CCLCA Trust no longer owns the Toyota. The Court believes, however, that these documents do little to dispute the Government's assertion that LaBorde used the vehicle.

[4] LaBorde's opposition is also sprinkled with requests for the Court to appoint her "limited representation," to cancel the summary judgment and allow for a settlement, and to allow her more time to collect documents. The Court believes LaBorde has had ample time to collect the documents she says are necessary (a letter from her doctor, her mother's will, statements from the CCLCA Trust, etc.), negotiate a settlement with the Government, and arrange for representation. What's more, she could have sought leave from the Court for an extension of the deadline by which to file her opposition. As such, these requests are **DENIED**.

While the Court notes that LaBorde is proceeding *pro se*, the Court is not obligated to sift through memoranda to find a scintilla of evidentiary support for the nonmovant's argument. See <u>Garza v. Arlington Indp. School Dist.</u>, 18-0829-P, 2020 WL 2812860 at *1 (N.D. Tex. 05/29/20), <u>quoting</u> <u>de la O v. Housing Auth. Of City of El Paso, Texas</u>, 417 F.3d 495, 501 (5th Cir. 2005) ("Judges are not like pigs, hunting for truffles buried in briefs."). With little more than "conclusory allegations and unsubstantiated assertions," the Court finds LaBorde has failed to meet her burden to defeat summary judgment.

For these reasons,

**IT IS ORDERED** that the Government's Motion for Summary Judgement (Record Document 26) be **GRANTED**.

**IT IS FURTHER ORDERED** that the transfer of $485,902.60 by Wendi LaBorde to the CCLCA Trust be declared fraudulent and voided.

**IT IS FURTHER ORDERED** that judgment be entered against the CCLCA Trust in the amount no greater than the amount currently owed to the Government by LaBorde.

**IT IS FURTHER ORDERED** that the Ciego Drive Property currently titled in the name of the CCLCA Trust be properly titled in the name of Wendi LaBorde and be subject to the judgment lien in favor of the United States.

A memorandum order consistent with the above memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 3rd day of March 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT